**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____  :
                             :
BP PRODUCTS NORTH AMERICA    :
INC.,                        :
          Plaintiff,         :   Civil No. 07-336 (RMB)
                             :
     v.                      :   **OPINION**
                             :
GURVINDER MATHOAN and MG     :
KINGS HIGHWAY GAS, LLC,      :
                             :
          Defendants.        :
_____  :

APPEARANCES:

Paul L. Kattas, Esquire
Kelley Drye & Warren LLP
200 Kimball Drive
Parsippany, New Jersey 07054
973 503-5900
     Attorney for Plaintiff

John Philip Maroccia, Esquire
Bennie, Bennie & Maroccia
A Professional Corporation
329 Route 70 West
Cherry Hill, New Jersey 08002-3093
856-428-0200
     Attorney for Defendants

**BUMB**, United States District Judge:

**Background**:

     This matter comes before the Court upon a motion for attorneys' fees and costs by Plaintiff BP Products North America, Inc. ("BP" or the "Plaintiff").  Plaintiff BP brought suit to

1

enjoin the Defendants Gurvinder Mathoan and MG Kings Highway Gas, LLC (the "Defendants") from selling non-BP gasoline at a service station located at 1212 Kings Highway, Cherry Hill, New Jersey (the "Service Station").  On January 26, 2007, this Court entered a temporary restraining order [Docket No. 6] prohibiting Defendants from selling non-BP fuel.  On January 29, 2007, Plaintiff filed a motion to hold Defendants in contempt for failure to abide by this Court's restraining order.  On February 22, 2007, this Court awarded attorney's fees and costs against the Defendants and strongly warned that any further violations would be met with $1,000 a day for each day an order was violated.  On May 22, 2007, the parties entered into a Consent Order for Final Injunction, which this Court approved. [Docket No. 19]

Unfortunately, on August 6, 2007, Plaintiff filed another motion for contempt and sanctions because of Defendants' failure to abide by the terms of the Final Injunction.  On September 5, 2007, this Court held a hearing and ordered a fine of $23,000 and reimbursement of Plaintiff's attorney's fees and expenses.

Plaintiff's application for attorney's fees followed. Plaintiff seeks $17,044 in attorney's fees as well as expenses in the amount of $134.35.  In support of its application, Plaintiff attaches the Declaration of Paul Kattas, Esq. detailing his work and that of his associate, Kevin M. Ryan.

Defendants oppose the award of attorney's fees with a one paragraph letter. They do not engage in any specific analysis, but only state their belief that the award should be $10,000, and that counsel has never "billed ... anything near what Mr. Kattas has proposed."

**Standard:**

The party moving for fees bears the burden of establishing the "reasonableness" of the request via specific "evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Once the moving party has provided such evidence, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)(citations omitted). The court may not "decrease a fee award based on factors not raised at all by the adverse party." Id.; Bell v. United Princeton Prop., Inc., 884 F.2d 713, 720 (3d Cir. 1989). If the "opposing party lodges a sufficiently specific objection to an aspect of a fee award, the burden is on the party requesting the fees to justify the size of its award." Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 713 (3d Cir. 2005). The "district court has a great deal of discretion to adjust the fee award in light of those objections." Rode, 892 F.2d at 1183; see also, Bell, 884

F.2d at 721 (noting that "the court will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires").

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. This establishes a lodestar - a fee award presumed reasonable. Rode, 892 F.2d at 1183. In assessing the lodestar, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Interfaith Comm. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 711 (3d Cir. 2005) (citations omitted). Hours not generally billed to one's own client are properly excluded from a fee award against an adversary. Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995).

**Analysis**:

BP presents the Declaration of Paul L. Kattas in support of its motion. According to his Declaration, BP employed two counsel in this matter: Kattas and Kevin M. Ryan. The Declaration sets out a brief description of each counsel's professional experience. Kattas billed $475 per hour and Ryan

billed at $290 per hour.  The Declaration also includes a log of the dates and amount of time counsel spent on this matter.  Finally, there is an itemized list of costs incurred.

Defendants argue that the award request is unreasonable, but do not give any specific objection.  At most, Defendants argue that the award request is excessive, but do not say how.  Defendants do not dispute the reasonableness of the rates charged by counsel.

This Court has the discretion to use its "billing judgment," to exclude "hours that were not reasonably expended, . . . excessive, redundant, or otherwise unnecessary . . . ."  Hensley, 461 U.S. at 434 (internal citations and quotation marks omitted).  Further, the Third Circuit has noted that it can be unreasonable when multiple attorneys with professed expertise both spend time on tasks "one of them would have been able to handle . . . ."  Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 362 (3d Cir. 2001) (citing Lanni v. N.J., 259 F.3d 146, 151 (3d Cir. 2001)).

Even though the objection by the Defendants was lacking in specificity, this Court has examined the request, focusing on whether or not any of the billing might be excessive.  The Court finds that, in light of the fact that the fees requested resulted from BP's second motion for contempt sanctions, BP had previously reviewed and argued the relevant case law to the Court.  As such, this Court finds that a total of 9.40 hours (August 1, 2007 and

August 6, 2007) spent by Mr. Kattas preparing the motion for contempt and sanctions appears to be excessive, and thus, it will be reduced by one-half or by 4.7 hours.  Additionally, similar reasoning applies to the time spent by Mr. Ryan, which will be disallowed as it is duplicative of Mr. Kattas' time.  Further, as this area of the law was familiar to Mr. Kattas, expenditure of 3.5 hours (on September 4, 2007) seems excessive, and will be disallowed.  All remaining requests for fees, as well as expenses, are reasonable and will be allowed.  Accordingly, the fee of $17,044 will be reduced by $4,504 [4.7 x $475 (a reduction of half for August 1 and 6, 2007) and 3.5 x $475 (the disallowance of September 4, 2007) and 2.1 x $290 (Mr. Ryan's time)] to $12,540.  Therefore, with fees and expenses, a total of $12,674.35 is awarded.


Dated: October 3, 2007                    s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE